IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL KONING, | ) | MEMORANDUM AND ORDER |
| LOWELL BAISDEN, | ) | |
| SUSAN BAISDEN-KONING, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Michael Koning's motion for disclosure of Rule 6(e)(3) materials, (filing no. 26); motion for return and destruction of inadvertently disclosed documents protected by the attorney client privilege, (filing no. 27), and motion to compel disclosure of 404(b) evidence concerning Michael Koning, (filing no. 36), are currently pending and fully submitted. For the reasons discussed below, defendant Michael Koning's motions filed pursuant to Rule 6(e)(3) of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence will be denied. A hearing will be set on the motion for return of documents purportedly protected by the attorney client privilege.

Motion for Disclosure of Rule 6(e)(3) Materials
(filing no. 26)

Although the scope of the motion is not entirely clear, the court interprets defendant Michael Koning's motion to disclose Rule 6(e)(3) materials, (filing no. 26), as requesting all information in the government's possession, either at the U. S. Department of Justice or at the Internal Revenue Service, concerning the federal income tax liabilities, returns, or actions of defendants Michael Koning or Susan Koning, or of Lowell Baisden in his capacity as a certified public accountant or tax

preparer for any party, to the extent the government has disclosed such information to "civil agents of the IRS, its attorneys, and civil attorneys involved in tax matters," (filing no. 26, ¶ 1), for the purpose of coordinating the handling or use of such information in the parallel civil tax proceeding against defendant Braisden.

The government has responded that "no such disclosures have been made of grand jury information by the United States Attorney's Office to any Department of Justice civil attorney or agent of the Internal Revenue Service for use in a civil proceeding involving Lowell Baisden." Filing No. 41, pp. 3-4. "The government did not disclose any grand jury material for use in a parallel proceeding," (filing no. 41, p. 5), and "has not disclosed, except to the extent required by Rule 16, any matters which have occurred before the grand jury." Filing No. 41, p. 4. Based on the representations in the government's brief, and the court's interpretation of the motion itself, the government has no information to disclose in response to defendant Michael Koning's motion to disclose grand jury materials. The motion will therefore be denied.

<u>Motion to Compel Disclosure of Rule 404(b) Evidence</u>
(filing no. 36)

Defendant Michael Koning seeks an order compelling the government to promptly:

> . . . Give pre-trial notice, under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging Defendant's commission of other crimes, wrongs, acts or misconduct, and

> . . . Provide Dr. Koning, within a reasonable time, a description of all such evidence, including names of witnesses, dates, summaries of expected testimony and any related documentary evidence.

Filing No. 36, at CM/ECF p. 1. Defendant Michael Koning states he "does not know of evidence of any kind about his past life that the government might claim constitutes prior bad acts, but he wants to be sure nothing haunts him, unexpectedly, at his trial." Filing No. 36, ¶ 2. The government has "no objection to the disclosure of 404(b) evidence," (filing no. 42, at CM/ECF p. 2), but states the motion "should be addressed with the Court at a pretrial conference once all pretrial motions have been filed," as part of setting "the appropriate trial schedule and deadlines for disclosure of various pretrial matters." Filing No. 42, at CM/ECF p. 4.

Rule 404(b) of the Federal Rules of Evidence states that evidence of a criminal defendant's prior crimes, wrongs, or acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, Rule 404(b) requires only "reasonable notice in advance of trial" for the admission of prior convictions and bad acts. The trial of this case has not yet been set. The pretrial motion deadline is September 30, 2009, with the government's responses due on October 31, 2009. Although it may later be re-scheduled to accommodate the court's schedule, a status conference is currently set for November 16, 2009. In other words, this "unusual and complex" case, (filing no. 21, ¶ 6), is still in the early stages.

Citing Rule 404(b), the defendant requests the government to disclose "a description of all such evidence, including names of witnesses, dates, summaries of expected testimony and any related documentary evidence." The defendant has not cited any authority holding Rule 404(b) mandates disclosure to the extent requested by the defendant. To the contrary,

> [T]he Rules of Evidence are not rules of discovery. The purpose of the Rule 404(b) notice provision, to prevent surprise during trial, does not support providing a defendant with materials which the Government possesses and plans to offer at trial. Instead, the Defendants need only receive sufficient notice "to apprise the defense of the general nature of

-3-

the evidence of extrinsic acts." Fed.R.Evid. 404 (Notes of Senate Committee on the Judiciary on the 1991 Amendment). Nothing in the rule indicates that the defendant is entitled to receive documents or other evidence from which the Government derives the prior bad act evidence. The Government merely need provide the Defendants with information sufficient to indicate the general nature of the evidence.

U.S. v. Williams, 792 F.Supp. 1120, 1134 (S.D. Ind. 1992). Defendant Michael Koning's demand under Rule 404(b) " for specific evidentiary detail including dates, times, places and persons involved is wholly overbroad." U.S. v. Alex, 791 F. Supp. 723, 728 (N.D.Ill. 1992).

Further, although a district court may order the government to disclose its witness list for trial, "criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R.Crim.P. 16(a)," (U.S. v. White, 750 F.2d 726, 728 (8th Cir. 1984)), and there is "no general constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Although Brady v. Maryland, 373 U.S. 83 (1963) requires the government to disclose evidence favorable to the defendant upon request, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." Weatherford, 429 U.S. at 559.

To the extent the defendant seeks discovery of the government's evidence in support of its Rule 404(b) showing, the defendant's motion is denied. Since the notice requirement of Rule 404(b) "is intended to reduce surprise and promote early resolution on the issue of admissibility" at trial, (F.R.E. 404(b), Committee Note to 1991 Amendments), and the trial date for this case has not yet been set, the government will not be ordered to disclose the general nature of its 404(b) evidence, if any, at this time.

### Motion for Return and Destruction of Inadvertently Disclosed Documents Protected by the Attorney Client Privilege
(filing no. 27)

Defendant Michael Koning has moved for order requiring the government to:

a) withdraw as exhibits two letters exchanged between defendant Michael Koning and his attorney, Todd McWha;

b) destroy any copies in the possession of the United States, and

c) treat the McWha documents as if the attorney client privilege was not waived through any disclosure because such disclosure was inadvertent.

Filing No. 28, ¶ 16. Defendant Michael Koning's supporting brief states it "is unclear . . . how the two McWha documents came into the possession of the United States," (filing no. 28, ¶ 4), but the documents are undisputedly protected by the attorney client privilege and must have been unintentionally and inadvertently disclosed while the defendant was unrepresented. Filing No. 28.

The government opposes the motion, arguing defendant Michael Koning has waived the attorney client privilege, and has presented no sufficient basis for finding inadvertent disclosure. The government further argues the conversations and documents exchanged between McWha and Koning are not protected from disclosure under the crime fraud exception to the attorney client privilege. Filing No. 43. The crime-fraud exception removes the privilege from attorney-client communications made in furtherance of contemplated or ongoing criminal or fraudulent conduct, the purpose being to assure that the "'seal of secrecy,' . . . between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." U.S. v. Zolin, 491 U.S. 554 (1989).

Defendant Michael Koning has the burden of proving the existence of the privilege, (Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985), and that any waiver by disclosure was inadvertent. See, e.g., F.C. Cycles Intern., Inc. v. Fila Sport, S.p.A., 184 F.R.D. 64, 75 (D. Md. 1998) (holding "the defendant has failed to meet its burden of demonstrating that the attorney client privilege . . . memorandum was not voluntarily waived"); Edwards v. Whitaker, , 229 (M.D. Tenn. 1994) ("When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent and that the attorney/client privilege has not been waived."); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990) ("When the producing party claims inadvertent disclosure it has the burden of proving that the disclosure was truly inadvertent and that the privilege has not been waived."). To assert the crime fraud exception, the government must make a prima facie showing that the communications at issue were made in furtherance of a future crime or fraud. In re Green Grand Jury Proceedings, 492 F.3d 976 (8th Cir. 2007)(collecting cases). See also, Zolin, 491 U.S. at 563 (determining the type of evidence the court may consider).

The issues of waiver, inadvertence, and the crime fraud exception require a factual inquiry and an evidentiary hearing. However, the pretrial motion deadline has not expired, and it is likely additional pretrial motions will be filed. In the interest of conserving the time and resources of the court and counsel, once the pretrial motion deadline has passed, the hearing on defendant Michael Koning's motion to return attorney client privileged documents will be scheduled along with the hearings on any other pretrial motions filed.

IT IS ORDERED:

1) Defendant Michael Koning's motion for disclosure of Rule 6(e)(3) materials, (filing no. 26), is denied.

2) Defendant Michael Koning's motion to compel disclosure of 404(b) evidence, (filing no. 36), is denied.

3) A hearing will be scheduled on Defendant Michael Koning's motion for return and destruction of inadvertently disclosed documents protected by the attorney client privilege, (filing no. 27), after the deadline for filing pretrial motions has expired and all such motions are filed.

DATED this 11th day of September, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge