IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MICHAEL KONING, LOWELL BAISDEN, SUSAN BAISDEN-KONING, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

After conferring with counsel during the Rule 17.1 Conference held today,

IT IS ORDERED:

1) <u>Trial</u>:

   a. The trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on August 1, 2011, or as soon thereafter as the case may be called, for a duration of thirty (30) trial days, in Courtroom 1, United States Courthouse, Lincoln, Nebraska. Jury selection will be held at commencement of trial.

   b. The parties will confer and work diligently toward drafting stipulated facts and resolving issues, the purpose being to streamline and shorten the trial.

   c. Counsel for the defendants shall confer to determine an orderly and appropriate procedure for examination of witnesses at trial by defense counsel.

2) <u>Witnesses</u>. On or before sixty (60) days prior to trial, the government shall provide to defense counsel a list of the witnesses it intends to call at trial, along with any Jencks Act documents and a designation, by witness, of whether the witness will be called to provide 404(b) and/or co-conspirator evidence.

3) <u>Exhibits</u>:

   a. On or before forty-five (45) days prior to trial, the government shall provide a list of exhibits to defense counsel for which it requests a stipulation as to admissibility.

   b. On or before thirty (30) days prior to trial, each defendant shall provide to the government and counsel for the co-defendants a list of exhibits for which it requests a stipulation as to admissibility.

   c. The parties are advised that exhibits will be offered and presented at trial in digital format, and should contact Judge Kopf's Courtroom Deputy, Colleen Beran, (437-1908), for information on the format needed for submitting digital evidence to the court and at trial, and the operation and capabilities of the courtroom technology used in Judge Kopf's courtroom.

   d. The parties shall consider whether jurors should be provided juror notebooks with copies of exhibits for their use and reference during the trial.

4) Motions in limine shall be filed thirty (30) days prior to trial.

5) <u>Trial Practices</u>. The parties shall review Judge Kopf's <u>General Observations about Criminal Jury Trials</u>, <u>Background Questions for Prospective Jurors</u>, <u>Standard Voir Dire Questions in Criminal Cases</u>, and <u>Preliminary Jury Instructions for Use in Criminal Cases</u>, available on the court's website at <u>http://www.ned.uscourts.gov/jpar/juryPractices.html</u>. On or before thirty (30) days prior to trial, any party who believes Judge Kopf's standard practices as reflected in these documents should be modified for the trial of this case shall file a statement for departure from the standard practices which specifically identifies what changes, deletions, or additions should be made and an explanation for his or her position on that issue.

6) The undersigned will be issuing a recommendation to deny Michael Koning's motion for multiple juries and additional peremptory challenges. However, for the purpose of the Rule 17.1 conference, the parties were advised that the court does not intend to permit multiple juries, and intends to allow each defendant four (4) peremptory challenges.

7) Due to the length of the anticipated trial, two alternates will be selected for the jury.

8) A future Rule 17.1 conference is anticipated. This conference will be coordinated to permit counsel for the parties and their associated staff to confer with Colleen Beran and the court's Information Technology personnel regarding courtroom seating, and the computer technology and access to such technology within Judge Kopf's courtroom.

DATED this 23rd day of December, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge