IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL KONING, | ) | MEMORANDUM |
| LOWELL BAISDEN, | ) | AND ORDER |
| SUSAN BAISDEN-KONING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before me are a Findings and Recommendation and a related Order (filing no. 153) to which objection has been made. With one exception, I deny the Objections and adopt the Findings and Recommendation and related Order.

Where appropriate, I have conducted a de novo review. To the extent that the objections assert an appeal from an order, I have treated such an objection as an appeal.

In general, there is no need for me to rehash Judge Zwart's thoughtful work. With the exception noted below, I adopt or affirm, as the case may be, Judge Zwart's decision without further elaboration because she has it right and I could do no better.

The exception deals with Michael Koning's motion to "Return or Destroy Inadvertently Disclosed Documents Protected by the Attorney Client Privilege" (filing no. 27). After consideration of the motion, Judge Zwart's examination of the motion, the objection, and the briefs, I think it prudent to remand this matter to Judge Zwart for further analysis. Specifically, I want to know:

* How did the lawyer's letter to Koning or Koning's response to the lawyer have the tendency to further a crime or fraud? What evidence is there to support the government's assertion that the foregoing documents had the tendency to further a crime or fraud?

* Assuming, without deciding, that the attorney-client privilege pertains to the lawyer's letter to Koning or Koning's response (or both), does the inadvertent disclosure provision of Federal Rule of Evidence 502(b) protect Koning from the consequences of the disclosure? What evidence is there to support the answer to the foregoing question?

It will be necessary for Judge Zwart to give the government and Koning an opportunity to present evidence on both of these questions and such subsidiary questions as may arise. It will also be necessary for Judge Zwart to give the government and Koning an opportunity to submit additional briefs. After that, I will need a written ruling and an opinion from Judge Zwart.

With the foregoing in mind,

IT IS ORDERED that:

1. The Findings and Recommendations and related Order (filing no. 153) is adopted or affirmed except as it regards Michael Koning's motion to "Return or Destroy Inadvertently Disclosed Documents Protected by the Attorney Client Privilege" (filing no. 27).

2. Michael Koning's Objection (filing no. 155) to the Findings and Recommendation is denied except as it regards Michael Koning's

motion to "Return or Destroy Inadvertently Disclosed Documents Protected by the Attorney Client Privilege" (filing no. 27).

3. This matter is remanded to Judge Zwart to reconsider Michael Koning's motion to "Return or Destroy Inadvertently Disclosed Documents Protected by the Attorney Client Privilege" (filing no. 27) in a manner consistent with this Memorandum and Order.

4. Defendant Lowell Baisden's Objection (filing no. 162), Defendant Lowell Baisden's Motion to Dismiss or, alternatively, to Suppress Evidence (filing no. 113), and for an order Compelling the Government to Disclose Information Baisden Needs to Pursue his Motion to Dismiss (filing no. 136), are denied.

5. Defendant Michael Koning's motion to compel "Specific Discovery Concerning Prospective Witness Disqualification" (filing no. 75) is denied.

6. Defendant Michael Koning's Motion to Compel (filing no. 77) is granted in part, and denied in part, as ordered by Judge Zwart.

7. Lowell Baisden's Motion for Rule 17.1 Conference (filing no. 87) is granted in part, and denied in part, as ordered by Judge Zwart.

DATED this 8th day of February, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge