FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

2011 MAR 25  AM 9: 02

OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:09CR3031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| MICHAEL KONING, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its

counsel, Deborah R. Gilg, United States Attorney and Steven A. Russell, Assistant United States

Attorney, and defendant, Michael Koning, with the advice and consent of David Domina,

counsel for defendant, as follows:

## I
## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count IV of the Indictment.  Count IV charges a

violation of Title 26, United States Code, Section 7201, Tax Evasion and Title 18, United States

Code Section 2, Aiding and Abetting.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States

agrees as follows:

1.    The United States will move to dismiss the remaining Counts of the Indictment at

the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the

1

following elements:

    1.     The defendant owed substantial income tax in addition to that which he reported on his return;

    2.     The defendant attempted to evade and defeat that additional tax; and

    3.     The defendant acted willfully.

### III

### PENALTIES

A.    COUNT IV.

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

        1.     A maximum 5 years in prison;

        2.     A maximum $250,000 fine;

        3.     A mandatory special assessment of $100 per count; and

        4.     A term of supervised release of up to 3 years.

Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

        5.     Possible ineligibility for certain Federal benefits.

### IV

### COOPERATION

The defendant has expressed a desire to provide substantial assistance to the United States in the investigation and prosecution of others. The United States has made no evaluation whether the cooperation, if any, will be "substantial" or whether it will merit any downward departure to reduce defendant's sentence.

    A.    The defendant shall truthfully answer all questions asked of the defendant by the United States and/or law enforcement agents, and shall truthfully disclose and volunteer all information regarding the defendant's activities and that of others in all criminal matters of

2

which the defendant currently has knowledge, or hereafter acquires knowledge. The defendant shall not withhold any information. The defendant shall neither protect nor harm any person or entity through false information or omission, nor falsely implicate any person or entity. The defendant shall commit no crimes whatsoever. The defendant shall furnish and disclose the location of any requested documents, items or electronically stored information in the defendant's custody, possession or control or of which the defendant has knowledge. The defendant shall accompany agents of the United States and/or agents of state or local law enforcement agencies to any location of their choosing in order to accomplish full disclosure. The defendant agrees to be interviewed by law enforcement officers any time after execution of this agreement. The United States will notify defense counsel, of any such interview prior to the interview. The defendant shall truthfully testify, if requested, regarding any matters about which the United States may inquire. If the defendant's continuing cooperation requires the approval of the Court, the defendant agrees to actively assist in the acquisition of such approval.

B.      Any cooperation provided by the defendant will be considered by the United States under U.S.S.G. § 5K1.1, and/or, separately, under 18 U.S.C. § 3553(e), and/or separately under Federal Rule of Criminal Procedure 35(b), in determining whether a motion should be filed to reduce the defendant's sentence. The United States will not consider filing a motion to reduce the defendant's sentence until the defendant's cooperation has been completed. The defendant will not challenge the decision not to file a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), before completion of the defendant's cooperation. If the United States does not file a motion to reduce the defendant's sentence for the defendant's cooperation, the defendant waives the defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the defendant that any such decision was based upon an unconstitutional motive related to the defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the defendant's Sixth Amendment Right to Counsel.

C.      Nothing which the defendant says pursuant to this agreement may be used against the defendant, so long as the defendant abides by all of the terms of this agreement. The United States may, however, make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by the defendant.

3

## V

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## VI

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level. Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      In reaching the determination of the Defendant's sentence, the parties agree that the Defendant should be held responsible beyond a reasonable doubt for a tax loss of between $400,000 and $1,000,000, and, therefore, pursuant to U.S.S.G. § 2T1.1(a)(1) and 2T4.1(H), the Defendant's base offense level is 20. All other sentencing guideline adjustments are left to the discretion of the sentencing court.

2.      The Defendant acknowledges that restitution may be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all victims, not just those pertaining to the specified acts in the counts of conviction. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of

4

Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he is ordered to pay as restitution. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization." Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement or ordered by the Court.

The parties understand that defendant will receive proper credit for the payments made pursuant to this agreement and order of the Court. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation, if any, to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period. Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability. The contact information for the Special Agent assigned to this case is as follows:

> Special Agent Dave Guest
> Internal Revenue Service - CI
> P.O. Box 1385
> Cheyenne, WY 82003

Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

> Clerk of Court for the District of Nebraska
> 100 Centennial Mall North

5

> 593 Federal Building
> Lincoln, NE 68508

With each payment to the Clerk of the Court made pursuant to the District Court's restitution

order, defendant will provide the following information:

> Defendant's name and Social Security number;
> The District Court docket number assigned to this case;
> Tax year(s) or period(s) for which restitution has been ordered; and
> A statement that the payment is being submitted pursuant to the District
> Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along

with defendant's payments, to the appropriate office of the Internal Revenue Service.

Defendant also agrees to send a notice of any payments made pursuant to this agreement,

including the information listed in the previous paragraph, to the IRS at the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

3.      If the defendant is found to be entitled to an offense level reduction under

U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court

reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if

that paragraph otherwise applies.

4.      All other sentencing considerations, including specific offense characteristics,

role adjustments and Criminal History Category are left to the determination of the Court and no

agreement has been reached by the parties on any other sentencing issue not specifically

addressed in this plea agreement.

B.      ACCEPTANCE OF RESPONSIBILITY.

6

Notwithstanding paragraph A above, the government will not recommend any adjustment for Acceptance of Responsibility if defendant:

      1.        Fails to admit a complete factual basis for the plea at the time it is entered, or

      2.        Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

      3.        Fails to appear in court, or

      4.        Engages in additional criminal conduct, or

      5.        Attempts to withdraw the plea, or

      6.        Refuses to abide by any lawful court order, or

      7.        Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation  (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.      ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553, and that the government may oppose any such

downward adjustments, departures, and sentence reductions not set forth in Section VI,

paragraph A above.

D.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category,

except that if defendant is determined to be a Career Offender, the parties agree that the

defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that all information known by the office of United States Pretrial

Service may be used by the Probation Office in submitting its presentence report, and may be

disclosed to the court for purposes of sentencing.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime

subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this

agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s)

may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of

this plea agreement, the defendant shall not, because of such violation of this agreement, be

allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of

charges or for sentence relief it had already filed.

## VIII

### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

9

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

10

# XI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_____3-24-11_____
Date

_____
STEVEN A. RUSSELL
Assistant U.S. Attorney

_____3-24-11_____
Date

_____
MICHAEL KONING
DEFENDANT

_____3. 24. 11_____
Date

_____
DAVID DOMINA
ATTORNEY FOR DEFENDANT

11